**Walter W. MEEK, Jr., Plaintiff,**

v.

**SPRINGFIELD POLICE DEPARTMENT, Chief John Harris, the City of Springfield, Illinois, and Mayor Karen Hasara, Defendants.**

No. 97–3354.

United States District Court,
C.D. Illinois,
Springfield Division.

Jan. 13, 1998.

Ralph E. Williams, Springfield, IL, for Plaintiff.

Robert M. Rogers, Springfield, IL, for Defendants.

## OPINION

RICHARD MILLS, District Judge.

A sordid affair.

A police officer—on duty—involved in despicable conduct.

## I. FACTS

In June 1996, a Sangamon County, Illinois, grand jury indicted Springfield Police Officer Walter W. Meek, Jr., on the offense of official misconduct in violation of 720 ILCS 5/33–3(b).[1] The indictment alleged that Meek had solicited oral sex from a prostitute on October 12, 1995, in exchange for not issuing her a traffic citation.

On April 9, 1996, law enforcement officials arrested Meek at his residence while he was off-duty and in civilian clothes.

On December 5, 1996, a trial jury found Meek not guilty of official misconduct.

However, on April 13, 1996, the City of Springfield placed Meek on administrative leave with pay pending an investigation of the prostitute's allegation. On July 11, 1996, Chief of Police John Harris suspended Meek without pay pending his termination. Finally, on August 1, 1996, Chief Harris terminat-

---

1. Official misconduct is a felony carrying a possible sentence of 2–5 years of imprisonment if convicted.

ed Meek's employment with the Springfield Police Department.

After Meek was acquitted by the jury, he asked Chief Harris and Mayor Karen Hasara to reinstate him as a Springfield Police Officer and reimburse him for the wages which he lost during his suspension. Although the parties entered into private negotiations regarding his reinstatement as a Springfield Police Officer, no settlement agreement was reached. Furthermore, Meek alleges that he was never afforded a hearing, allowed to present evidence, or permitted to cross-examine witnesses against him prior to his termination. Accordingly, Meek has filed this case alleging that Defendants violated his procedural due process rights.

## II. LEGAL STANDARD FOR MOTIONS TO DISMISS

■ In ruling on a motion to dismiss, the Court "must accept well pleaded allegations of the complaint as true. In addition, the Court must view these allegations in the light most favorable to the plaintiff." *Gomez v. Illinois State Bd. of Educ.,* 811 F.2d 1030, 1039 (7th Cir.1987). Although a complaint is not required to contain a detailed outline of the claim's basis, it nevertheless "must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir. 1984). Mere conclusions, without supporting factual allegations, are insufficient to support a claim for relief. *Cohen v. Illinois Inst. of Tech.,* 581 F.2d 658, 663 (7th Cir.1978). Dismissal should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

■ Likewise, in ruling on a motion to dismiss pursuant to Rule 12(b)(1), the Court must accept all well pleaded factual allegations as true and must draw all reasonable inferences in favor of the plaintiff. *Ezekiel v. Michel,* 66 F.3d 894, 897 (7th Cir.1995); *Rueth v. USEPA,* 13 F.3d 227, 229 (7th Cir.1993). On the other hand, the Court may review extraneous materials to resolve factual disputes regarding the Court's subject matter jurisdiction. *Roman v. United States Postal Serv.,* 821 F.2d 382 (7th Cir.1987). A dismissal is warranted under Rule 12(b)(1) if the Court does not have subject matter jurisdiction.

## III. ANALYSIS

In his Complaint, Meek asserts that Defendants violated both his federal due process rights protected by 42 U.S.C. § 1983 and his state due process rights protected by the Illinois Constitution. Furthermore, he claims that Defendants conspired together to interfere with his civil rights. Finally, Meek argues that Defendants wrongfully terminated him from his position as a Springfield Police Officer. Accordingly, he argues that his Complaint should not be dismissed.

Defendants argue that Meek's Complaint should be dismissed because it is deficient in several respects. Specifically, they assert that the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) and/or (6) because the Court lacks subject matter jurisdiction over the Complaint and because the Complaint fails to state a claim upon which relief can be granted. In addition, Chief Harris and Mayor Hasara assert that they are protected from liability based upon the doctrines of qualified immunity and/or public official immunity.

### A. *SPRINGFIELD POLICE DEPARTMENT*

■ The Springfield Police Department argues that it is not a suable entity, positing that it is merely an organizational division of the City of Springfield and, therefore, does not enjoy an independent legal existence. Accordingly, the Springfield Police Department asks the Court to dismiss it as a party to this suit.

Meek acknowledges that the Springfield Police Department is not a proper party in this suit. Thus, the Springfield Police Department's motion to dismiss is allowed, and it is dismissed as a party to this suit. *Doe v. City of Chicago,* 883 F.Supp. 1126, 1133 (N.D.Ill.1994); *Jordan v. City of Chicago,*

*Dep't of Police,* 505 F.Supp. 1, 3–4 (N.D.Ill. 1980); *Dr. Martin Luther King, Jr. Movement, Inc. v. City of Chicago,* 435 F.Supp. 1289, 1294 (N.D.Ill.1977).

### B. *SUBJECT MATTER JURISDICTION*

Defendants argue that the Court lacks subject matter jurisdiction over Meek's Complaint because this matter is not yet ripe for adjudication. Defendants assert that although his claim for reinstatement and back pay has been submitted to binding arbitration, the arbitrator has not yet rendered a final decision on the matter. Accordingly, Defendants claim that the Court lacks subject matter jurisdiction over the above-captioned case until the arbitrator has decided whether or not Meek was discharged for just cause.

However, since Defendants filed their motion to dismiss, Arbitrator Steven Briggs—in an exceptionally professional and able opinion—has determined that Meek was discharged for just cause. Therefore, Defendants' argument is now moot.

### C. *FEDERAL DUE PROCESS CLAIMS*

Counts I, II, and III of the Complaint allege that Defendants denied Meek his federal due process rights protected by 42 U.S.C. § 1983.[2] Defendants argue that Meek was afforded due process in that he was provided with both a pre-deprivation and a post-deprivation hearing. Defendants assert that Meek was provided with a post-deprivation hearing on September 3 and 4, 1997, before a neutral arbitrator. Defendants further assert that Meek was provided with written notice of the charges against him and with written notice of the time and place of the pre-deprivation hearing but that Meek waived his right to such a hearing, choosing instead to answer the charges in writing. Accordingly, Defendants argue that Meek was afforded his procedural due process rights.

Furthermore, Defendants argue that Meek has failed to plead a constitutional injury caused by any of their policies or customs. They also assert that Meek has failed to allege that his available state law remedies are inadequate to satisfy his procedural due process rights. Finally, Defendants claim that they are protected from liability based upon the doctrine of qualified immunity.

Although Defendants provided him with both a pre and a post-deprivation hearing, Meek claims that the due process which he has afforded was illusory. Meek argues that had he participated in the pre-deprivation hearing to save his employment, he would have effectively waived his Fifth Amendment right not to testify in his criminal trial on the charges pending against him. Meek asserts that his foremost concern at the time was the criminal charges pending against him and the possibility of being imprisoned if convicted. Meek states that if he had attended the pre-deprivation hearing it could have jeopardized his criminal trial and further argues that Defendants purposefully timed his pre-deprivation hearing so as to place him in such a predicament. Thus, Meek asserts that although he was provided due process in theory, in reality, he had no opportunity to tell his side of the story except at the criminal trial.

"Liability under § 1983 requires proof of two essential elements: that the conduct complained of (1) 'was committed by a person acting under color of state law' and (2) 'deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Yang v. Hardin,* 37 F.3d 282, 284 (7th Cir.1994), quoting *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled in part on other grounds by Daniels v. Williams,* 474 U.S. 327, 331–32, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). There seems to be little doubt that Defendants were acting under color of state law when terminating Meek. Moreover, the right of which Meek was allegedly deprived was his procedural

---

**2.** Counts I, II, and III allege that Defendants violated Meek's federal due process rights protected by 42 U.S.C. § 1983 and differ only in the relief sought. Count I asks for compensatory damages; Count II asks for punitive damages; and Count III asks for declaratory and injunctive relief.

due process right protected by the Fourteenth Amendment and 42 U.S.C. § 1983. Thus, Meek has alleged liability pursuant to § 1983.

■ However, "[w]hen a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in 'life, liberty, or property' without due process of law." *Thomas v. Ramos*, 130 F.3d 754, 1997 WL 691032, * 5 (7th Cir.1997); *Gustafson v. Jones*, 117 F.3d 1015, 1020 (7th Cir.1997)(holding that "[i]n order to show a violation of procedural due process, [a] plaintiff[] [must] show that [he] possessed a protected life, liberty, or property interest . . . as a matter of substantive law and that the process offered by the state did not meet constitutional standards."). Defendants acknowledge (and rightfully so) that Meek had a property interest in his continued employment. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542–43, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). At the time of his termination, Meek was a civil service employee who had completed his probationary period, and thus, under the City's Code of Ordinances, was subject to disciplinary action only for "cause." *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 578, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

Accordingly, the issue before the Court is whether the due process afforded to Meek was adequate. The Court finds that it was.

1. *PRE–DEPRIVATION HEARING*

■ In his response to Defendants' motion to dismiss, Meek admits that he received notice that a pre-deprivation hearing would be held on July 10, 1996, regarding the allegations that he engaged in official misconduct. In addition, Chief Harris' affidavit states that Meek was personally served with a written notice of the charges against him along with written specifications of those charges.[3,4] Rather than appearing at the scheduled pre-deprivation hearing, Meek chose to respond to the charges in writing. Defendant argues that by so doing, he waived his right to a pre-deprivation hearing, and the Court agrees.

■ "[T]he Due process Clause does not require that a pre-termination hearing be conducted in every case. Instead, the right to such a hearing generally is waived when an employer offers a pre-termination hearing and the employee fails to accept." *Cliff v. Bd. of Sch. Commissioners of City of Indianapolis, Indiana*, 42 F.3d 403, 414 (7th Cir. 1994); *Fern v. Thorp Public Sch.*, 532 F.2d 1120, 1134 (7th Cir.1976). By electing to respond in writing to the charges rather than appearing at the scheduled pre-deprivation hearing, Meek waived his right to such a hearing.

■ Contrary to his assertions, Meek was not placed in the precarious position of losing his Fifth Amendment right not to testify in the criminal trial if he chose to attend the pre-deprivation hearing. As he himself acknowledges, a pre-deprivation hearing need not be elaborate; rather, "[i]t should be an initial check against mistaken decisions— essentially, a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action." *Loudermill*, 470 U.S. at 545–46; *Bell v. Burson*, 402 U.S. 535, 540, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971).

■ Generally, an employee is entitled to oral or written notice of the charges against him, an explanation of his employer's evidence, and a chance to tell his side of the story. *Loudermill*, 470 U.S. at 546. Meek was provided with all three, including the chance to give his version of events either in writing or by attending the hearing scheduled for July 10, 1996. He chose to respond

---

**3.** Attached to Defendant Harris' affidavit is a copy of the written specifications of the charges against Meek which bears his signature confirming that he received notice of the charges and specifications on July 3, 1996.

**4.** Federal Rule of Civil Procedure 12(b) provides that the Court may consider matters outside the pleadings by treating the motion as one for summary judgment pursuant to Rule 56. Accordingly, the Court will consider the exhibits attached by Defendants and will treat their motion as one for summary judgment pursuant to Rule 56.

in writing, and therefore, he cannot be heard to complain about his choice now.[5]

Accordingly, the Court finds that the procedural due process afforded to Meek met constitutional standards, and therefore, Defendants did not violate his federal due process rights.

### 2. *POST–DEPRIVATION HEARING*

■ Although Meek only tangentially mentions his post-deprivation hearing as grounds for his allegation of the denial of his federal due process rights, the Court believes that it would be prudent to address the issue at length. Section 14.2 of the City's collective bargaining agreement provides that an employee subject to disciplinary action may request a hearing before the Civil Service Commission or may, instead, file a grievance. Section 6.3 of the collective bargaining agreement provides that if an employee chooses to file a grievance, said grievance is subject to binding arbitration. In the instant case, Meek chose to file a grievance.

The United States Court of Appeals for the Seventh Circuit has held "that grievance procedures created by collective bargaining agreements can satisfy the requirements of due process." *Chaney v. Suburban Bus Div. of the Reg'l Transp. Auth.*, 52 F.3d 623, 628 (7th Cir.1995), quoting *Cushing v. City of Chicago*, 3 F.3d 1156, 1161 (7th Cir.1993). Here, the Court finds that the grievance procedure outlined in the City's collective bargaining agreement satisfies constitutional standards. The grievance procedures provided for binding arbitration at which time Meek had the opportunity "to tell his side of the story." *Loudermill*, 470 U.S. at 546; *Wallace v. Tilley*, 41 F.3d 296, 302 (7th Cir. 1994); *Buttitta v. City of Chicago*, 9 F.3d 1198, 1206 (7th Cir.1993).

Furthermore, the Seventh Circuit has approved of the use of arbitration to satisfy due process requirements. *See Papapetropou-lous v. Milwaukee Transp. Servs., Inc.*, 795 F.2d 591, 596–97 (7th Cir.1986)(holding that an arbitration hearing complied with proce-

dural due process requirements); *see also Parrett v. City of Connersville, Indiana*, 737 F.2d 690, 696 (7th Cir.1984)(holding that "a hearing before an arbitrator can satisfy constitutional requirements."). As the Seventh Circuit explained:

> the concept of due process is sufficiently flexible to allow the courts to work out an accommodation between the interest in an orderly system of labor relations in the public sector as elsewhere and public employees' interest in procedural protections of job rights classified as property rights. The standard test of procedural adequacy under the due · process clause, that of *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976), merely requires a comparison of the costs and benefits of giving the plaintiff a more elaborate procedure than he actually received. There is no basis under this test for blanket disqualification of arbitration, which businesses often use to resolve multi-million dollar disputes, and which is the standard method of protecting job security in unionized plants and facilities in the private sector. If the dispute is the type for which arbitration is well suited—and disputes over job rights fit that bill—then the gains from additional procedure, in reducing the chance of error, may well be smaller than the costs of additional procedure, especially when are added to the direct costs the indirect costs in disrupting orderly labor relations by bypassing the grievance procedure set up by a collective bargaining agreement.

*Id.*

Accordingly, the Court finds that the procedural due process afforded to Meek met constitutional standards, and therefore, Defendants did not violate his federal due process rights.

### D. *CONSPIRACY CLAIM*

Count VI of Meek's Complaint alleges that Defendants conspired together in violation of 42 U.S.C. § 1985(3) to deny him the equal protection of the law and/or the equal privileges and immunities under the law. Defen-

---

**5.** In fact, Meek admits that he was provided with an opportunity to tell his side of the story. In his written response to the charges against him, Meek's attorney, on his behalf, stated: "This is

the first time he [Meek] had the opportunity to give his version of what happened on the previously referenced dates."

dants argue that like Counts I, II, and III, Count VI fails to state a cause of action upon which relief can be granted. They assert that the intra-corporate conspiracy doctrine precludes an imposition of liability against them. Moreover, Defendants claim that Meek has failed to allege any race-based animus. Finally, they argue that they are protected by the doctrine of qualified immunity.

In his response, Meek does not address Defendants' argument regarding the intra-corporate conspiracy doctrine. Rather, he offers evidence and argument that he has set forth all of the essential elements of a § 1985(3) claim. Meek argues that Defendants conspired against him and treated him differently because he is a black male, and that as a result, he has suffered injury and has been deprived of his rights and privileges as a citizen of the United States. Thus, he claims that he has successfully stated a cause of action under § 1985(3). Finally, Meek argues that Defendants are not shielded from liability in this suit by the doctrine of qualified immunity.

The Seventh Circuit has held that in order to state a cause of action under 42 U.S.C. § 1985(3), a would-be plaintiff must allege:

(1) a conspiracy;

(2) a purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws;

(3) an act in furtherance of the conspiracy, and;

(4) an injury to his person or property or a deprivation of any right or privilege of a citizen of the United States.

*Trautvetter v. Quick*, 916 F.2d 1140, 1153 (7th Cir.1990); *Hartman v. Bd. of Trustees of Community College Dist. No. 508, Cook County, Illinois*, 4 F.3d 465, 469 (7th Cir. 1993); *see also Griffin v. Breckenridge*, 403 U.S. 88, 102–103, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). However, "managers of a corporation jointly pursuing its lawful business do not become 'conspirators' [under § 1985]

when acts within the scope of their employment are said to be discriminatory or retaliatory." *Travis v. Gary Community Mental Health Ctr., Inc.*, 921 F.2d 108, 110 (7th Cir.1990); *Dombrowski v. Dowling*, 459 F.2d 190 (7th Cir.1972).

In the case *sub judice*, Defendants are not "co-conspirators" under §.1985; rather, Defendants acted as a single actor (within the scope of their employment) in their treatment of Meek. Title 42 U.S.C. § 1985(3) contemplates liability only if more than one actor is involved in depriving a person of his rights or privileges. *Wright v. Illinois Dep't of Children & Family Servs.*, 40 F.3d 1492, 1508 (7th Cir.1994). Here, Mayor Hasara and Chief Harris acted jointly with Defendant City of Springfield in pursuing the City's lawful business, and therefore, they are barred from liability under § 1985(3) by the intra-corporate conspiracy doctrine.[6] *See Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ.*, 926 F.2d 505, 509–510 (6th Cir.1991)(holding that employees and agents of a public school board are not separate persons who may form a conspiracy within the meaning of §.1985); *see also Doe v. Bd. of Educ. of Hononegah Community High Sch. Dist. #207*, 833 F.Supp. 1366, 1381–82 (N.D.Ill.1993)(holding that the intra-corporate conspiracy doctrine barred a claim against public school administrators who agreed to disregard certain state law requirements); *see also Allen v. City of Chicago*, 828 F.Supp. 543, 564 (N.D.Ill.1993)(holding that the mayor, a city commissioner, and city council members were not separate persons capable of a conspiracy for purposes of § 1985).

In other words, Defendants are considered to have acted as a single person in their treatment of Meek. A conspiracy under § 1985(3) requires two or more persons. Because Meek has failed to show that two or more persons conspired against him, he has failed to establish the first element of his *prima facie* case, *i.e.*, a conspiracy. Accordingly, Count VI of the Complaint fails to state a cause of action upon which relief can be granted.

**6.** The Court has previously found that the Springfield Police Department is not a suable entity.

### E. STATE DUE PROCESS & WRONG-FUL TERMINATION CLAIMS

The remaining Counts of Meek's Complaint, Counts IV, V, and VII, are state law claims. Thus, the Court's only source of jurisdiction over these claims is based upon supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). Title 28 U.S.C. § 1367(c)(3) provides that a district court may decline to exercise supplemental jurisdiction over a state law claim if "the district court has dismissed all claims over which it has original jurisdiction."

In the instant case, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c). "[T]he general rule is that, when all federal-law claims are dismissed before trial, the pendent claims should be left to the state courts." *Wright v. Associated Ins. Cos., Inc.*, 29 F.3d 1244, 1252 (7th Cir. 1994); *Van Harken v. City of Chicago*, 103 F.3d 1346, 1354 (7th Cir.1997). Although there are three exceptions to this general rule, the exceptions apply only in "unusual cases." *Wright*, 29 F.3d at 1251.

Here, the exceptions are inapplicable, and the interest of comity dictates that the state law claims be heard in state court because all of the federal claims have been dismissed. *First*, although the statute of limitations has run on Meek's wrongful discharge claim, it appears that he could refile his claim in state court under the one year savings period established in 735 ILCS 5/13–217. *Second*, this case is still in its early stages, and discovery has not yet been completed. As the Seventh Circuit stated, the Court should not exercise supplemental jurisdiction when it is *"way* before trial." *Van Harken*, 103 F.3d at 1354 (emphasis in original). *Third*, it is not absolutely clear how the pendent state law claims should be decided, and thus, the interests of comity dictate that a state court decide these state law issues in the absence of a federal claim. Accordingly, the Court declines to exercise supplemental jurisdiction over Counts IV, V, and VII of Meek's Complaint.

Finally, because the Court has found that Counts I, II, III, and VI of Meek's Complaint fail to state a cause of action upon which relief can be granted and because the Court has declined to exercise supplemental jurisdiction over Counts IV, V, and VII of this Complaint, the Court need not address the remaining arguments raised by Defendants in their motion to dismiss.

*Ergo*, Defendants' Motion to Dismiss the Complaint (d/e 9) is ALLOWED.

As to Counts I, II, and III, the Court finds that no genuine issue of material fact exists and that Defendants are entitled to judgment as a matter of law.

As to Count VI, the Court finds that the Complaint fails to state a cause of action upon which relief can be granted.

Finally, as to Counts IV, V, and VII, the Court declines to exercise supplemental jurisdiction.

Accordingly, pursuant to Federal Rule of Civil Procedure 12(b)(6), Rule 56(c), and 28 U.S.C. § 1367(c), all Counts of Plaintiff's Complaint are DISMISSED WITH PREJUDICE against all Defendants and with costs.